IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

       **Plaintiff,**

    v.

ONE SAVAGE 67 .410 BORE
SHOTGUN et al.,

       **Defendants.**

1:12-cv-3614-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Strike Claim of Mary

Shelton [12] ("Motion to Strike").

## I.    BACKGROUND

On October 17, 2012, Plaintiff United States of America ("Plaintiff") filed

this *in rem* action seeking the forfeiture of two firearms and 149 rounds of

ammunition (the "Defendant Property").  In its Complaint [1], Plaintiff alleges

that, on June 20, 2012, its agents discovered the Defendant Property in the

bedroom of Rex Bartholomew ("Bartholomew"), a convicted felon.  In the course

of their investigation, the agents learned that Bartholomew's bedroom was in a

house owned by Claimant Mary Shelton ("Claimant").  Claimant told the

investigators that the Defendant Property belongs to her and that she had asked

Bartholomew to store it in his bedroom.  Plaintiff seized the Defendant Property on the ground that Bartholomew possessed it in violation of 18 U.S.C. § 922(g)(1).

On December 10, 2012, pursuant to Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), Plaintiff sent to Claimant a notice [6] (the "Notice") informing Claimant of this action and instructing Claimant on how to assert an interest in the Defendant Property.  The Notice expressly directed Claimant to Rule G(5) of the Supplemental Rules and informed Plaintiff that, under Rule G(5), she was required to file both (i) a "claim," as described in Rule G(5)(a), on or before January 15, 2013, and (ii) an answer or Rule 12 motion in response to Plaintiff's Complaint, as discussed in Rule G(5)(b), within twenty-one (21) days of filing her claim.  (Notice [6].)

On January 10, 2013, Claimant filed her claim [11], under Rule G(4)(a), asserting an interest in all of the Defendant Property.  Claimant did not file an answer or Rule 12 motion in response to Plaintiff's Complaint.

On February 21, 2013, Plaintiff filed its Motion to Strike Claimant's claim on the ground that Claimant failed to file an answer or Rule 12 motion.  Claimant did not oppose, or otherwise respond to, the Motion to Strike.

## II.    DISCUSSION

Rule G of the Supplemental Rules governs this action.  See Supp. R. G(1)

("This rule governs a forfeiture action *in rem* arising from a federal statute.").  The

Rule allows a person asserting an interest in the defendant property to assert and

pursue a claim by filing (i) a written claim, in the form prescribed in Rule G(4)(a),

within thirty-five days (35) of receiving notice of the action from the plaintiff, and

(ii) an answer to the complaint or Rule 12 motion within twenty-one days of filing

his written claim.  Supp. R. G(4)(b)(ii), (5)(a)–(b).  The plaintiff may move to

strike a claim that is not presented in conformity with these requirements.  Supp. R.

G(8)(c).

In this action, although Claimant filed a written claim as required by Rule

G(5)(a), Claimant failed to file an answer or Rule 12 motion, as required by Rule

G(5)(b).  Claimant's claim is thus required to be stricken.  See Supp. R. G(8)(c);

see also United States v. $114,031.00 in U.S. Currency, 284 F. App'x 754, 756

(11th Cir. 2008) (citing Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d

1233, 1237 (11th Cir.2006)) (explaining that a claimant's failure to comply with

Rule G(5) deprives the claimant of standing to proceed); United States v. All

Assets Held at Bank Julius Baer & Co., 664 F. Supp. 2d 97, 102–03 (D.D.C. 2009)

(holding that claimants' failure to file an answer required claims to be stricken);

United States v. 40 Acres of Real Prop., More or Less, 629 F. Supp. 2d 1264, 1275

(S.D. Ala. 2009) (same).[1]

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike Claim of

Mary Shelton [12] is **GRANTED**.  Claimant Mary Shelton's Claim [11] is

**STRICKEN**.


**SO ORDERED** this 5th day of August, 2013.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Because Claimant did not oppose, or otherwise respond to, Plaintiff's Motion to Strike, the Court further finds that Claimant has abandoned her claim for the Defendant Property.  See St. Andrews Presbyterian Coll. v. S. Ass'n of Colls. & Sch., 679 F. Supp. 2d 1320, 1334–35 (N.D. Ga. 2009) (citing Bute v. Schuller Int'l, Inc., 998 F. Supp. 1473, 1477 (N.D. Ga. 1998); Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1137 (N.D.Ga.1997)) ("Failure to respond to an opposing party's arguments regarding a claim constitutes abandonment of that claim, and warrants dismissal of the abandoned claim."); see also LR 7.1(B), NDGa ("Failure to file a response shall indicate that there is no opposition to the motion.").  For this additional reason, Plaintiff's Motion to Strike is required to be granted.